# United States District Court
# Northern District of Indiana

GLENN L. HEPP, JR., )
 )
        Petitioner, )
 )    Civil Action No. 3:09-CV-360 JVB
v. )
 )
SUPERINTENDENT, )
 )
        Respondent. )

## OPINION AND ORDER

Glenn L. Hepp, Jr., a *pro se* prisoner, filed this habeas corpus petition attempting to challenge his conviction and twenty year sentence by the Porter Superior Court under cause number 64D02-0107-CF-5961. However, his petition is untimely.

Habeas Corpus petitions are subject to a one year statute of limitations:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In his filing his petition, Hepp filled out the Court's § 2254 form. Question 15 of the form asks for an explanation as to why the petition is timely. In response, Hepp stated, "Timely filed Post-

Conviction Petition and hearing on said petition as well as Appellate court decision." Petition at 12, DE 1. This explanation does not assert that the State created any impediment which prevented him from filing his habeas corpus petition or that his claims are based on either a newly recognized Constitutional right or newly discovered evidence. Therefore, pursuant to 28 U.S.C. § 2244(d)(1)(A), the 1-year period of limitation began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

In this case, the Court of Appeals of Indiana affirmed his conviction on August 31, 2005, and the time for seeking a petition to transfer to the Indiana Supreme Court expired 30 days later on October 3, 2005. *See* Ind. R. App. P. 57(C) and Ind. Trial Rule 6(A). Thus on October 3, 2005, the 1-year period of limitation began. A year later, on October 3, 2006, the time for filing a habeas corpus petition expired. On January 15, 2008, Hepp filed a timely post-conviction relief petition, but by then it was already too late to file a habeas corpus petition. Because the time for filing a habeas corpus petition had already expired, his post-conviction relief petition did not toll the 1-year period of limitation pursuant to 28 U.S.C. § 2244(d)(2).

Hepp signed this habeas corpus petition on August 6, 2009, nearly three years after the deadline for filing such a petition had already expired. Because the petition is untimely, it is **DISMISSED** pursuant to Section 2254 Habeas Corpus Rule 4.

**SO ORDERED** on August 25, 2009.

                                                s/Joseph S. Van Bokkelen
                                                Joseph S. Van Bokkelen
                                                United State District Judge
                                                Hammond Division